UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:15-CV-129-TBR

JONATHAN E. HANDMAKER, *et al.*                                                              PLAINTIFFS

v.

CERTUSBANK, N.A.                                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jonathan E. Handmaker and George M. Vredeveld, Jr. initially asserted eight causes of action against Defendant CertusBank, N.A.: (1) Breach and Wrongful Termination of Employment Agreements and Severance Plan; (2) Breach of Retention Agreements; (3) Tortious Interference with Known Contractual Rights; (5) Wrongful Retention of Wages under the South Carolina Payment of Wages Act; (6) Fraud in the Performance of Contracts; (7) Claim for Declaratory Relief; and (8) Punitive Damages.  (DN 1).  Defendant moved to dismiss the following portions of Plaintiffs' Complaint for failure to state a claim:  (1) the state law breach of contract claim for severance pay; (2) the tortious interference claim; and (3) the South Carolina Payment of Wages Claim.  (DN 13).

Plaintiffs subsequently moved to amend their Complaint to add a claim under the Kentucky Wage and Hour Act.  (DN 23).  During a telephone conference on May 21, 2015, the Court allowed the amendment and established an expedited briefing schedule for Defendant's motion to dismiss—Defendants were given seven days to supplement their motion to dismiss, Plaintiffs were given five days to respond.  (DN 58).

Defendant's second motion to dismiss asserted an argument that it did not raise in its first motion with respect to the wrongful termination claim.  In addition to arguing that Plaintiffs'

failure to pay severance is completely preempted by ERISA, Defendant also argued that the wrongful termination for breach of the employment agreement claim is (1) completely preempted by the National Bank Act; and (2) improper because the Plaintiffs were at-will employees.  (DN 54).  Plaintiffs responded that the additional arguments were barred by Federal Rule of Civil Procedure 12(g); if the Court found otherwise, Plaintiffs requested additional time to respond to the new arguments.  (DN 57).

The Court finds that Rule 12(g) does not bar Defendant from making the argument, but will allow Plaintiffs additional time to respond.  Rule 12(g)(2) says that "[E]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Rule 12(h)(2) says that "[f]ailure to state a claim upon which relief can be granted . . . may be raised (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."  Fed. R. Civ. P. 12(h)(2).

Relying on practical considerations and the interplay between these rules, courts and commentators have rejected Plaintiffs' Rule 12(g) argument.  For example, the Seventh Circuit held that "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir 2012).  The court explained: "Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement.  The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground." *Id.* (citing *Pilgrim Badge & Label Corp. v. Barrios*, 857 F.2d 1, 3 (1st Cir. 1988)).  Unlike motions to dismiss for lack of personal jurisdiction or for improper service, that policy is absent in successive motions under Rule 12(b)(6) for failure to state a claim—a defendant may

2

still raise the issue in a motion for judgment on the pleadings or at trial. *See also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 701-04 (10th Cir. 2014) (declining to decide whether the district court's allowance of a subsequent Rule 12(b)(6) motion was erroneous "because any technical violation of Rule 12 did not affect the substantive rights of the parties"); *Walzer v. Muriel Siebert & Co.*, 447 F. App'x 377, 379 (3d Cir. 2011) (same). A leading treatise notes that "little would be gained by preventing a defense under Rule[] 12(b)(6), . . . inasmuch as [it is] expressly preserved by Rule 12(h) and may be presented at a later time. Indeed, early determination of these matters is to be encouraged." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3702 (3d ed. 2015).

In considering the Federal Rules and the practical considerations at hand, the Court finds that Rule 12(b) does not bar the Defendant's new arguments under Rule 12(b)(6). If the Court held otherwise, Defendant could simply raise the argument again in a motion for judgment on the pleadings, a motion for summary judgment, or at trial. That would be inefficient and time-consuming, particularly in a case where Plaintiffs have (understandably) sought a quick resolution of a case with several outstanding issues. In fairness to the Plaintiffs, who only had five days to respond to the second motion to dismiss, the Court will allow additional time to respond to the new arguments. Defendants will then have the opportunity to reply.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs may respond to Defendant's arguments concerning the wrongful termination claim by June 16, 2015.

IT IS FURTHER ORDERED that Defendant may reply to Plaintiff's response concerning the wrongful termination claim by June 23, 2015.

IT IS FURTHER ORDERED that the telephone conference set for June 17, 2015, at 12:00 PM is CANCELED.

IT IS FURTHER ORDERED that a new telephone conference is set for July 22, 2015, at 1:00 Eastern Time.  The Court shall initiate the call.

This 9th day of  June, 2015.

cc:     Counsel of Record